# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DIEGO ALEJANDRO UGARTE-ARENAS,**

        Petitioner,

        v.                       Case No. 25-C-1721

**SAM OLSON, et al.,**

        Respondents.

---

## SCREENING ORDER

---

Petitioner Diego Allejandro Ugarte-Arenas, a citizen of Venezuela, who is currently detained at the Dodge County Jail, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. According to the petition, Petitioner is a native and citizen of Venezuela who has lived in the United States since his entry without inspection on November 8, 2021. Petitioner has been detained at the Dodge County Jail since October 23, 2025, when he was arrested by the Department of Homeland Security (DHS) during an Immigration and Customs Enforcement (ICE) check-in appointment. After his arrest, DHS placed Petitioner in removal proceedings before the Chicago Immigration Court pursuant to 8 U.S.C. § 1229a.

Petitioner asserts that he remains in mandatory detention because, on July 8, 2025, DHS issued a new policy instructing all ICE employees that a noncitizen who has entered the United States without inspection is subject to mandatory detention under 8 U.S.C. § 1225. On September 5, 2025, the Board of Immigration Appeals issued a decision adopting this position, holding that immigration judges lack the authority to hear bond requests or grant bond to noncitizens who

entered the United States without admission. *See Matter of Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

Petitioner argues that his mandatory detention violates the Immigration and Nationality Act. He also claims that his detention without a bond redetermination hearing to determine whether he is a flight risk or danger to others violates his right to due process. Petitioner seeks a writ of habeas corpus requiring that he be released or, in the alternative, that he be provided a prompt bond hearing under 8 U.S.C. § 1226(a).

Under Rule 4 of the Rules Governing § 2254 Cases, which can also apply to § 2241 petitions, *see* Rule 1(b), Rules Governing § 2254 Cases; Civil L.R. 9(a)(2), the court must conduct a prompt preliminary review of the petition. The court will dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4, Rules Governing § 2254 Cases. Based on the allegations in the petition, the court cannot conclude that Petitioner is plainly not entitled to relief. Accordingly, the court will require Respondents to respond to the petition.

**IT IS THEREFORE ORDERED** that Respondents shall file an answer within 14 days from the date of service of the petition and this order showing cause, if any, why a writ should not issue with respect to the petition for a writ of habeas corpus. Petitioner may file any reply in support of his petition within 7 days of the filing of the response.

The Clerk of Court is further directed to serve the petition and a copy of this order on Scott Smith, the Jail Administrator of the Dodge County Jail. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk of Court is also directed to send a copy of the petition and this order to the United States Attorney of this District, and to send copies of the same via registered or certified

2

Case 2:25-cv-01721-WCG     Filed 11/10/25     Page 2 of 3     Document 5

mail to the United States Attorney General in Washington, D.C., the United States Immigration and Customs Enforcement, and the United States Department of Homeland Security.

Dated at Green Bay, Wisconsin this 10th day of November, 2025.

_____
William C. Griesbach
United States District Judge